**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBBIE THEBEAU, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>TEHACHAPI VALLEY HEALTHCARE DISTRICT, a governmental entity, ALAN BURGESS, an individual, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 1:13-cv-00730-LJO-JLT<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AS MODIFIED BY THE COURT**<br><br>**(Doc. 19)** |

**PROTECTIVE ORDER**

During the course of discovery, the defendants to this action may produce information, including documents and testimony containing information, which is private, the uncontrolled release of which would cause undue invasion of the producing party's privacy or third-parties' privacy. In order to facilitate this discovery while protecting the producing party's and third-parties' privacy interests, it is hereby ORDERED:

**I.**

A.　Defendants may produce documentation responsive to requests for production propounded by plaintiff that contains private and/or personal information about a party or third-parties, and that the producing party has a protected privacy interest

1

1  in those materials, or otherwise has an interest in preventing the dissemination of
2  information about third-parties.

3      C.    When used in this Protective Order, the word "CONFIDENTIAL" means
4  private and/or personal information about the producing party and/or private and/or
5  personal information about third-parties.

6      D.    When used in this Protective Order, the term "CONFIDENTIAL
7  MATERIAL" means all designated written materials in any form, including electronic
8  media, or other written discovery referencing CONFIDNETIAL material, deposition
9  transcripts, and all other designated tangible items which disclose "CONFIDENTIAL"
10 information, whether produced in hard-copy, on CD-ROMs or DVDs, or any other
11 media.

12     F.    In order to designate a portion of any document or other printed material as
13 "CONFIDENTIAL," the producing defendant shall mark the designated pages of the
14 material with the word "CONFIDENTIAL" in a manner that does not obscure, or impair
15 the legibility of any information contained within the material, but makes it difficult to
16 remove the designation.  In order to designate a computer database, disc, compact disc,
17 drive, or other electronically recorded material as "CONFIDENTIAL," the producing
18 party shall mark the disc, case or envelope containing the material with the word
19 "CONFIDENTIAL."  Documents printed from such electronic media shall be marked the
20 same as documents originally produced on paper.

21     G.    In the case of a deposition or oral examination, counsel for the producing
22 defendant may, during the deposition, designate on the record that testimony involving
23 "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," and the entire
24 deposition transcript will be treated as "CONFIDENTIAL" until counsel for the
25 producing defendant receives a transcript of the deposition and designates specific page
26 and line portions of the testimony.  In the event the producing defendant's counsel during
27 the deposition does not designate on the record that testimony involving
28 "CONFIDENTIAL MATERIAL" be held as "CONFIDENTIAL," the producing
defendant does not waive its right to designate the deposition testimony or any parts

thereof as "CONFIDENTIAL" upon receipt of the deposition transcript. After receipt of the final deposition transcript, the producing defendant shall identify by page and line the portion of the material that the producing defendant intends to designate as "CONFIDENTIAL" in a written letter served to all counsel of record within 30 days after the producing defendant's receipt of the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the producing defendant during this time period shall remain "CONFIDENTIAL." Any party challenging the "CONFIDENTIAL" designations of the deposition transcripts shall inform the producing defendant of those specific challenges in writing within 20 day of receiving the designations. The producing defendant shall have 20 days from receipt of the written challenges to move for an appropriate order regarding the confidentiality of all or portions of the transcript. The parties stipulate that the court reporter or videographer for any such depositions, who will be given a copy of this Protective Order, and will execute an acknowledgement thereof, shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.H below) any deposition testimony or exhibits in this lawsuit.

H. When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals and law clerks), to the extent reasonably necessary for such persons to render assistance in this litigation; (4) non-attorney experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of a party; and (5) witnesses and the jury in this case.

## II.

This Protective Order is to facilitate the exchange of records and information in discovery. It governs disclosures to third persons or disclosure of records for discovery motions and discovery proceedings. Nothing in this Protective Order shall be deemed to

3

preclude any parties' right to oppose discovery on grounds not addressed under the terms of this Protective Order, or to object on any ground to the admission of any CONFIDENTIAL MATERIAL into evidence at trial.

### III.

Absent a further order of the Court, those documents marked as "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL," as described in Sections I.F and I.G, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS as defined in Section I.H without the prior written agreement of the producing defendant or by order of the Court after due notice to the producing defendant.

### IV.

Before showing or divulging any "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL" information to any COVERED PERSON other than the Court and Court personnel, counsel shall first obtain from each such person a signed "WRITTEN ASSURANCE" in the form attached hereto as Exhibit "A." Counsel shall maintain a list of all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph. At the conclusion of the litigation, the parties shall forward to counsel for the producing party each and every signed "WRITTEN ASSURANCE" and a list of all recipients of "CONFIDENTIAL MATERIALS"; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the "WRITTEN ASSURANCE" redacted to remove any reference to the identity of the consultant(s).

### V.

A.    ~~If~~ Before any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the moving

party shall seek an order of the Court, pursuant to Local Rule 141, allowing the portion of such filing containing "CONFIDENTIAL MATERIAL" to ~~shall~~ be filed under seal.

B. "CONFIDENTIAL MATERIAL" may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the producing defendant is present, and subject to the producing defendant's right to seek in-camera treatment of such documents. Further, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

C. All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose "CONFIDENTIAL MATERIAL" shall be under seal in accordance with Section V.A if prior authorization is provided by the Court according to Local Rule 141, and such documents shall not be publicly available, except by further order of this Court.

D. If any party or person who has obtained "CONFIDENTIAL MATERIAL" under the terms of this Protective Order receives a Subpoena or other legal process commanding the production of any such "CONFIDENTIAL MATERIAL" (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any "CONFIDENTIAL MATERIAL" in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

**VII.**

A. Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall deliver to counsel for the producing party all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS. Deposition transcripts need not be returned if all CONFIDENTIAL portions have been destroyed or obliterated.

B. It is the responsibility of any party receiving "CONFIDENTIAL" MATERIAL" to obtain all copies of that material provided by that party to "Covered Persons," as defined in Paragraph I.H above, and to return that "CONFIDENTIAL MATERIAL" to the producing party.

**VIII.**

A. In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she shall notify counsel for the producing party in writing. The producing party shall seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. Nothing in this Protective Order shall be construed to alter or shift the burdens of production and persuasion ("the burden of proof") as they apply to the assertion of privileges or exemptions from public disclosure or any claim or affirmative defense in this matter.

B. Counsel for the parties agree that any material produced from the personnel file of any individual defendant is "CONFIDENTIAL" and shall not challenge such designation.

**IX.**

A. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Protective Order shall in any manner change, alter or modify any of the rights of the producing party or any other party under any other orders issued by any other courts concerning the protection of CONFIDENTIAL MATERIALS and CONFIDENTIAL information. Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order.

B. This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties,

or by Order of the issuing Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

  C. This Protective Order shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

## X.

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

## ORDER

The stipulation of the parties for this stipulation (Doc. 19) —as modified by the Court in paragraphs V.A. and V.C.— is **GRANTED**.

IT IS SO ORDERED.

  Dated: **June 2, 2014**      **/s/ Jennifer L. Thurston**
                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL MATERIAL

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order dated _____ and agreed to by the parties ("Protective Order") in the action titled **THEBEAU v. TEHACHAPI VALLEY HEALTHCARE DISTRICT, ET AL.**; United States District Court, Eastern District of California, No. 1:13-CV-00730-LJO-JLT.  I understand the terms of the Protective Order and under oath consent to be bound by such terms as a condition to being provided access to the CONFIDENTIAL MATERIALS furnished by the parties in this action.  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the producing parties in this action and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the producing parties may pursue all civil remedies available to them as third-party beneficiaries of this Agreement.

DATED:_____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number