UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE THEBEAU,<br><br>              Plaintiff,<br><br>       v.<br><br>TEHACHAPI VALLEY HEALTHCARE DISTRICT, ALAN BURGESS, and DOES 1 – 25,<br><br>              Defendants. | 1:13-CV-00730-LJO-JLT<br><br>ORDER TO SHOW CAUSE RE DISMISSAL OF 42 U.S.C. § 1983 CLAIM; AND<br><br>TO HOLD IN ABEYANCE PENDING MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 27) |

## INTRODUCTION

Plaintiff Debbie Thebeau ("Thebeau") brings this action for violations of Cal. Lab. Code § 1102.5, California's Fair Employment and Housing Act ("FEHA"), and 42 U.S.C. § 1983 against Defendants Tehachapi Valley Healthcare District ("TVHD") and Alan Burgess ("Burgess"). After TVHD and Burgess removed this action to this Court from Kern County Superior Court, Thebeau agreed to dismiss voluntarily her FEHA claims and to dismiss Burgess as a defendant in this matter. Now before the Court is remaining defendant TVHD's motion for summary adjudication of Thebeau's Cal. Lab. Code § 1102.5 claim.

## BACKGROUND

### A.     Thebeau's Allegations

Thebeau was employed by TVHD from August 1998 until her termination on or about June 28, 2012. Thebeau's position at TVHD from 2000 until her termination was Human Resources Director.

In June 2007, Burgess was hired as the new Chief Executive Officer of TVHD.

Thebeau alleges that, in early June 2009, she and Compliance Officer Mary Carleen Warrack ("Warrack") reported and complained to Burgess that there was a pattern of patient abuse by the TVHD nursing staff. Thebeau and Warrack demanded that the abuse be reported to CDPH.

Thebeau and Warrack began an inquiry into a patient abuse claim against nurse Tiffany Melin-

1

Darko.  During an interview in the inquiry, nurse Val Carmean refused to participate and walked out.

Burgess and Director of Nursing Andrew Petty accused Thebeau and Warrack of being on a "witch hunt."

Additional abuse reports were made, including a report that a staff member kicked a patient.

Thebeau and Warrack filed a formal complaint with CDPH.  Formal complaints were also lodged with the TVHD Board of Directors.

Thebeau cautioned Burgess that he was retaliating against Warrack for her outspoken comments about patient abuse and this angered Burgess.

On or about March 1, 2010, Thebeau attended a management meeting where Warrack again brought up patient abuse allegations and the criminal exposure of executive officers.  Burgess allegedly threw a water bottle at Warrack.  Thebeau filed a written statement with the TVHD Board in support of Warrack and against Burgess.

Thebeau alleges she also reported acts of sexual harassment by Burgess.  Burgess posted pictures and jokes, directed at Thebeau.  Thebeau also received complaints of hostile work environment based on sexual matters from other employees against Burgess that required her to confront Burgess and report him to the TVHD Board.

On or about January 18, 2012, Burgess made the statement "two down and one to go." Thebeau believes the "two down" referred to Warrack and another employee and the "one to go" referred to Thebeau. She alleges that all three were witnesses to the March 1, 2010 events.

On or about January 19, 2012, Thebeau filed a formal grievance and went on medical leave.  Thebeau did not request Family and Medical Leave Act ("FMLA") time off because she had enough accrued sick time.  Thebeau, through her doctor, routinely reported her status, including in a letter stating that she was disabled through August 22, 2012.

On or about June 15, 2012, Defendants retroactively reversed hours from Thebeau's Paid Time Off ("PTO") account.  Defendants claimed that Thebeau should not accrue PTO hours while she was on leave.  Thebeau alleges that this reflected a reversal of policy and that, prior to June 15, 2012, all exempt employees could accrue PTO hours while on leave.

On or about June 28, 2012, TVHD terminated Thebeau.

**B.     Procedural History**

Thebeau brought this action for violations of Cal. Lab. Code § 1102.5, FEHA, and 42 U.S.C. § 1983 against TVHD and Burgess in Kern County Superior Court on March 15, 2013. TVHD and Burgess removed this action to this Court on May 16, 2013 on the basis of federal question jurisdiction for Thebeau's § 1983 claim. (Doc. 2). On June 19, 2014, the parties stipulated to dismiss with prejudice the second and third causes of action under FEHA and to dismiss with prejudice this entire action against Burgess. (Doc. 26).

On July 1, 2014, TVHD filed the instant motion for summary adjudication as to Thebeau's first cause of action under Cal. Lab. Code § 1102.5. (Doc. 27). Thebeau filed an opposition on July 22, 2014, and TVHD filed a reply on July 29, 2012.

This case is set for a pretrial conference on October 7, 2014. A jury trial is set to commence on December 2, 2014. (Doc. 10).

## DISCUSSION

**A.     Subject-Matter Jurisdiction and the Fourth Cause of Action under 42 U.S.C. § 1983**

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981).

Thebeau filed her complaint in Kern County Superior Court. (Doc. 2). Defendants removed this action to this Court on the basis of federal question jurisdiction over Thebeau's fourth cause of action under 42 U.S.C. § 1983. *Id*. The sole basis of this Court's subject matter jurisdiction in this case is the § 1983 claim; however, in its instant motion for summary adjudication, TVHD asks this federal Court to evaluate only Thebeau's first cause of action under Cal Lab. Code § 1102.5, a state law claim.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to

3

such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979), *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970)) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969)).

In Thebeau's § 1983 claim, she alleges "Defendant TVHD took Plaintiff's property from her vested Paid Time Off account without due process in violation of 42 U.S.C. § 1983." (Compl. ¶ 39). "To establish a violation of procedural due process a plaintiff must demonstrate: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). The Court has serious doubts about the sufficiency of the allegations pertaining to Plaintiff's § 1983 due process claim. The only facts alleged in the complaint bearing relevance to this claim are that, on or about June 15, 2012, TVHD retroactively reversed hours from Thebeau's PTO account and that such conduct reflected a reversal in TVHD policy because, prior to June 15, 2012, exempted employees could accrue PTO hours while on leave. (Compl. ¶ 22). Plaintiff does not allege facts to suggest how the hours reversed from her PTO account on June 15, 2012 would have translated into any constitutionally protected property right in light of her June 28, 2012 dismissal. Plaintiff also does not allege any facts pertaining to the procedures provided (or not provided) subsequent to the changes to her PTO account, or whether she took advantage of any available procedures.

Accordingly, Plaintiff Thebeau is ORDERED TO SHOW CAUSE in writing on or before August 22, 2014 why her fourth cause of action brought under 42 U.S.C. § 1983 should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

### CONCLUSION AND ORDER

For the reasons discussed above,

1. Plaintiff Debbie Thebeau is ORDERED TO SHOW CAUSE in writing on or before August 22, 2014 why her fourth cause of action brought under 42 U.S.C. § 1983 should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted;

2. Plaintiff's response to the order to show cause shall not exceed ten (10) pages in length; and

3. Defendant Tehachapi Valley Healthcare District's motion for summary adjudication as to Plaintiff's first cause of action under Cal. Lab. Code § 1102.5 is HELD IN ABEYANCE pending the resolution of the above issue.

IT IS SO ORDERED.

Dated:   **August 14, 2014**                        /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE