# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE THEBEAU, | 1:13-CV-00730-LJO-JLT |
| Plaintiff, | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| v. | (Doc. 27) |
| TEHACHAPI VALLEY HEALTHCARE DISTRICT, ALAN BURGESS, and DOES 1 – 25, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Debbie Thebeau ("Thebeau") brings this action for violations of Cal. Lab. Code § 1102.5, California's Fair Employment and Housing Act ("FEHA"), and 42 U.S.C. § 1983 against Defendants Tehachapi Valley Healthcare District ("TVHD") and Alan Burgess ("Burgess"). After TVHD and Burgess removed this action to this Court from Kern County Superior Court, Thebeau agreed to dismiss voluntarily her FEHA claims and to dismiss Burgess as a defendant in this matter. This Court previously stayed TVHD's motion for summary adjudication and ordered Thebeau to show cause why her § 1983 claim should not be dismissed for failure to state claim. For the reasons discussed below, Thebeau's § 1983 claim is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) and this case is REMANDED to Kern County Superior Court for further proceedings.

## BACKGROUND

Thebeau's allegations were put forth in full in this Court's August 15, 2014 Order. (Doc. 50).

Thebeau brought this action for violations of Cal. Lab. Code § 1102.5, FEHA, and 42 U.S.C. § 1983 against TVHD and Burgess in Kern County Superior Court on March 15, 2013. TVHD and

1

Burgess removed this action to this Court on May 16, 2013 on the basis of federal question jurisdiction as to Thebeau's § 1983 claim.  (Doc. 2).  On June 19, 2014, the parties stipulated to dismiss with prejudice the second and third causes of action under FEHA and to dismiss with prejudice this entire action against Burgess.  (Doc. 26).

On August 15, 2014, this Court stayed TVHD's motion for summary adjudication as to Thebeau's first cause of action under Cal. Lab. Code § 1102.5 and ordered Thebeau to show cause why her § 1983 claim should not be dismissed for failure to state claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 50).  On August 21, 2014, Thebeau filed a statement of non-opposition as to dismissal of her § 1983 claim.  (Doc. 51).

This case is set for a pretrial conference on October 7, 2014.  A jury trial is set to commence on December 2, 2014. (Doc. 10).

## DISCUSSION

### A. Subject-Matter Jurisdiction and the Fourth Cause of Action under 42 U.S.C. § 1983

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp*., 655 F.2d 968, 968–69 (9th Cir. 1981).

Thebeau filed her complaint in Kern County Superior Court.  (Doc. 2).  Defendants removed this action to this Court on the basis of federal question jurisdiction over Thebeau's fourth cause of action under 42 U.S.C. § 1983. *Id*. The sole basis of this Court's subject matter jurisdiction in this case is the § 1983 claim; however, in its motion for summary adjudication, TVHD asks this federal Court to evaluate only Thebeau's first cause of action under Cal Lab. Code § 1102.5, a state law claim.

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (quoting *Crawford v. Bell*, 599

2

F.2d 890, 893 (9th Cir. 1979), *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970)) (citing C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969)).

This Court had serious doubts about the sufficiency of the allegations pertaining to Thebeau's § 1983 due process claim. As discussed above, this Court ordered Thebeau to show cause why her claim should not be dismissed, and Thebeau filed a statement of non-opposition in response. (Docs. 50, 51). The Court therefore provided an opportunity to Plaintiff Thebeau to be heard on the issue, and Thebeau used the opportunity. *Wong*, 642 F.2d at 361-62 (internal citations and quotations omitted).

Accordingly, Thebeau's fourth cause of action under 42 U.S.C. § 1983 for deprivation of due process rights is DISMISSED.

With the dismissal of Thebeau's § 1983 claim, this action consists of only Thebeau's first cause of action under Cal Lab. Code § 1102.5, a state law claim. This Court therefore declines to exercise supplemental jurisdiction in this case where all claims over which this Court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3).

As a result, this action is REMANDED to Kern County Superior Court for further proceedings.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court

1.  DISMISSES Plaintiff Debbie Thebeau's fourth cause of action under 42 U.S.C. § 1983 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted;

2.  REMANDS this action to Kern County Superior Court for further proceedings; and

3.  ORDERS the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated:   **August 28, 2014**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

4.

3